JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-00399-SSS-SHKx | Date | April 25, 2023 |
|---|---|---|---|
| Title | *Kurston Carter v. CLG Property Management* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER DISMISSING FOR FAILURE TO PROSECUTE AND/OR COMPLY WITH COURT ORDER**

On March 8, 2023, Plaintiff filed a Complaint [Dkt. 1], along with a request to proceed in forma pauperis [Dkt. 3]. Because Plaintiff requested leave to proceed in forma pauperis in this action, the Court screened the Complaint to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

On March 15, 2023, the Court denied Plaintiff's request to proceed in forma pauperis without prejudice and dismissed the Complaint with leave to amend. [Dkt. 7]. The Court allowed Plaintiff thirty (30) days in which to file a First Amended Complaint and a renewed request to proceed in forma pauperis. [*Id.* at 4-5]. The Court warned Plaintiff that failure to timely file a First Amended Complaint in conformity with the Court's Order may result in dismissal of the action. [*Id.* at 5].

More than 30 days have now passed, and Plaintiff has not filed a First Amended Complaint or otherwise prosecuted this case or complied with the Court's March 15, 2023 Order.

Accordingly, this action is hereby **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute and/or comply with the Court's Order. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss [with prejudice] sua sponte [pursuant to Rule 41(b)] for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order).

**IT IS SO ORDERED**.